IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ARTURO GARCIA-LOPEZ,

                Petitioner,

v.                                          OPINION and ORDER

E. EMMERICH,                           24-cv-716-jdp

                Respondent.

---

Petitioner Arturo Garcia-Lopez, proceeding without counsel, seeks habeas relief under 28 U.S.C. § 2241. Garcia-Lopez contends that Bureau of Prison officials have denied him earned-time credit under the First Step Act (FSA) based on an erroneous determination that he's subject to a final order of removal under 8 U.S.C. § 1225(b)(1).

Generally, only the court of appeals has jurisdiction to review final orders of removal. 8 U.S.C. § 1252(a)(5). Judicial review of expedited orders of removal under 8 U.S.C. § 1225(b)(1) is allowed by habeas petition, but that review is limited to the issues defined in 8 U.S.C. § 1252(e)(2). Garcia-Lopez's petition does not fit within scope of allowable petitions, and the FSA prohibits the BOP from applying his earned-time credit to his sentence because he's the subject of a final order of removal. I will deny the petition.

BACKGROUND

On September 30, 2022, Garcia-Lopez, a Mexican citizen, was arrested while crossing from Mexico to Laredo, Texas with cocaine hidden in his truck. Dkt. 10-8 at 2. That day, Garcia-Lopez was physically served with a notice and order of expedited removal. *Id.* The order states that Garcia-Lopez is inadmissible pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I).

Garcia-Lopez was then indicted in the Southern District of Texas for one count of conspiring to distribute cocaine and two counts of possession with intent to distribute cocaine. *United States v. Garcia-Lopez*, 22-cr-1308 (S.D. Tx.), Dkt. 14. Garcia-Lopez pleaded guilty to the indictment and received a total term of 51 months' imprisonment. Dkt. 27 and Dkt. 35 in the '1308 case. Garcia-Lopez is incarcerated at FCI Oxford and has a release date of May 15, 2026.

## ANALYSIS

The FSA contains a provision establishing a "risk and needs assessment system" allowing prisoners who successfully participate in evidence-based recidivism reduction programming or productive activities to earn credits to be applied toward time in prerelease custody or supervised release. *Nelson v. Keyes*, No. 22-cv-731-wmc, 2023 WL 4496766, at *1 (W.D. Wis. June 6, 2023) (citing 18 U.S.C. § 3632(d)(4)(A)). But the FSA prohibits the BOP from applying earned-time credit toward prerelease custody or supervised release if the prisoner is "the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i); *see also* 28 C.F.R. § 523.44(a)(2).

Garcia-Lopez is the subject of an expedited order of removal issued under § 1225(b)(1), but judicial review of such orders is limited to the issues defined in § 1252(e)(2):

> (2) Habeas corpus proceedings
>
>> Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of—
>>
>> (A) whether the petitioner is an alien,
>>
>> (B) whether the petitioner was ordered removed under such section, and
>>
>> (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

§ 1252(e)(2). Garcia-Lopez does not contend, and the record does not reflect, that any of these provisions applies.

Garcia-Lopez mainly argues that the expedited order of removal is invalid because immigration proceedings challenging that order are ongoing. *See* Dkt. 12 at 2–3. This court lacks jurisdiction to hear this argument under § 1252(a) because it is outside the scope of § 1252(e)(2). Even if the court had jurisdiction to hear this argument, no evidence supports the statement immigration proceedings are pending. *See Garlotte v. Fordice*, 515 U.S. 39, 46 (1995) ("[T]he habeas petitioner generally bears the burden of proof[.]"). Besides, the pendency of immigration proceedings would not affect the finality of the expedited order of removal. In streamlined immigration proceedings, "the order becomes final immediately upon issuance." *See Riley v. Bondi*, 145 S. Ct. 2190, 2198 (2025); *see also Ordonez Rivera v. Emmerich*, No. 24-cv-675-wmc, 2025 WL 1859161, at *2 (W.D. Wis. June 12, 2025) ("[O]rders of

expedited removal entered by an immigration officer under [§ 1225(b)(1)] and approved by a supervisor are considered final.").

I take Garcia-Lopez to argue that even if the expedited order of removal precludes the BOP from applying his earned-time credit toward prerelease custody or supervised release, the FSA requires the BOP to apply those credits toward early release to immigration authorities. *See* Dkt. 12 at 6–7. This argument isn't clearly articulated, which alone is reason to reject it. *See Batson v. Live Nation Ent., Inc.*, 746 F.3d 827, 833 (7th Cir. 2014) ("[A]s the district court found, the . . . argument was forfeited because it was perfunctory and underdeveloped."). More significantly, I can find no such requirement in the FSA or the BOP's regulations, and courts have rejected similar arguments. *See Reyes v. Doerer*, No. 23-cv-10051, 2024 WL 3851634, at *2 (C.D. Cal. June 5, 2024) ("The clear implication of Section 3632(d)(4)(E)(i) is that inmates who are subject to final removal orders . . . are categorically ineligible to apply FSA time credits to their sentences in any respect . . . ."); *report and recommendation adopted*, 2024 WL 3859988 (C.D. Cal. Aug. 9, 2024); *Bailey v. Thompson*, No. 23-cv-219, 2023 WL 5086887, at *1–2 (M.D. Pa. July 13, 2023) (denying petitioner's claim to have FSA time credits applied toward immediate release to ICE custody because he was subject to final order of removal).

The evidence shows that Garcia-Lopez is the subject of a final order of removal. The FSA thus prohibits the BOP from applying his earned-time credits to his sentence. I will dismiss the petition in part for lack of jurisdiction and otherwise deny it.

ORDER

IT IS ORDERED that:

1. Petitioner Arturo Garcia-Lopez's petition, Dkt. 1, is DISMISSED in part for lack of jurisdiction and otherwise DENIED.

2. The clerk of court is directed to enter judgment and close the case.

Entered August 15, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge